UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
HERSHEL WELDON PARMLEY ) CASE NO.: 10-10085(1)(13)
)
Debtor(s) )

## MEMORANDUM-OPINION

This matter is before the Court on the Objection of Debtor Hershel Weldon Parmley ("Debtor") to the claim of the Commonwealth of Kentucky Division of Unemployment ("Commonwealth"). The Court considered the Debtor's Objection, the Response of the Commonwealth, the Supplement to the Objection of the Debtor and the comments of counsel for the parties at the hearing held on the matter.

The Debtor objected to the claim of the Commonwealth which consisted of the erroneous overpayment of unemployment compensation for the time period of October 31, 2002 through July 7, 2003 and accumulated interest. Debtor contended that the overpayment claim should be treated as a secured claim with any accumulated interest as unsecured. The Commonwealth states that pursuant to Kentucky statute, KRS 341.415(3), the Commonwealth has a secured claim for the amount of the overpayment and any accumulated interest.

Following a hearing before the Court, the parties were permitted to supplement the record with any supporting authorities. Only the Debtor supplemented the record claiming that his original argument is supported by the language of the statute and that the entire claim should be disallowed

because it is beyond the five year statute of limitations set forth in KRS 341.415(4), citing <u>Cassidy v. Adams</u>, 872 F.2d 729 (6th Cir. 1989).

The date of the Notice of Lien filed by the Commonwealth was May 23, 2005. The five year limitations period set forth in KRS 341.415 specifically provides:

> Nothing in this subsection shall be deemed to affect collection of improperly paid benefits pursuant to a judgment or other legal remedy.

KRS 341.414(4). The Court disagrees with Debtor's interpretation of this statute. The Notice of Lien was a legal remedy that was of record well before the running of the five year limitations period. Otherwise, by simply avoiding repayment of an erroneous overpayment for a five year period the Debtor would receive a windfall with the overpayment.

The Court does find merit in Debtor's interpretation of the statute regarding the unsecured status of the interest portion of the Commonwealth's claim. The statute, on this issue, states in pertinent part:

> A lien on a parity with state, county, and municipal ad valorem tax liens, is hereby created in favor of the office upon all property of any recipient of improperly paid benefits. This lien shall be for the sum equal to the amount of the overpayment finally determined and shall continue until the amount of the overpayment plus any subsequent assessment of additional improperly paid benefits, interest, and fees are fully paid. . . .

KRS 341.415(3). The reference to interest on any improperly paid benefit is modified by the term "subsequent assessment . . ." While admittedly, the wording of this statute is not crystal clear, had the Kentucky General Assembly meant to include interest on the overpayment as part of the lien, it could have so stated. Accordingly, the Commonwealth's claim will be secured to the extent of the amount of the overpayment and unsecured as to the interest assessed on the claim.

## **CONCLUSION**

For all of the above reasons, the claim of the Commonwealth of Kentucky Division of Unemployment is secured as to the amount of the erroneous overpayment of unemployment benefits to the Debtor and interest on the claim is unsecured. An Order accompanies this Memorandum-Opinion.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: October 20, 2010

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
HERSHEL WELDON PARMLEY ) CASE NO.: 10-10085(1)(13)
)
Debtor(s) )

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Objection of Debtor Hershel Weldon Parmley to the claim of the Commonwealth of Kentucky Division of Unemployment, be and hereby is, **SUSTAINED IN PART AND OVERRULED IN PART**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: October 20, 2010